(126 So. 48)

No. 30196.

STATE v. LEOPOLD.

Jan. 6, 1930.

Lee & Gilmer, of Shreveport, for appellant.

Percy Saint, Atty. Gen., Aubrey M. Pyburn, Asst. Dist. Atty., of Shreveport, and E. R. Schowalter, Asst. Atty. Gen., for the State.

O'NIELL, C. J. The defendant has appealed from a conviction and sentence for the offense of selling intoxicating liquor for beverage purposes. The only important question is whether the district judge erred in overruling a motion for a continuance or postponement of the trial because of the absence of a defense witness.

It appears that the defendant was the proprietor of a drug store, in Shreveport, and was accused of selling a pint of whisky to a man named Johnson, about 8:30 p. m. on Wednesday, the 3d of July, 1929. He alleged in his motion for a continuance or postponement of the trial that one E. C. Parrish, who had his headquarters in Shreveport, was then ill and confined to his bed, in Ruston, La., and, according to the doctor's certificate annexed to the motion, would not be well enough to attend the trial for a week or ten days. It was alleged in the motion that the witness, Parrish, would testify that he was in the defendant's drug store at 8:30 p. m. on Wednesday, the 3d of July, 1929, and was in conversation with defendant, at the time when Johnson entered the drug store; that Johnson asked for and bought from defendant only a package of cigarettes and immediately departed; that Parrish continued his conversation with defendant until Johnson returned, a few minutes later, in company with the officers, who accused defendant of having sold whisky to Johnson; that the officers searched defendant and his cash register, and found no money or article of value; that defendant then proposed that the officers search the drug store, which they refused to do; and that the witness would swear that he was standing beside defendant from the time when Johnson first entered the drug store until he left, and would swear positively that Johnson did not buy any whisky, or in fact anything other than the package of cigarettes.

The district attorney refused to admit that the witness, Parrish, if present, would swear

to the facts alleged in the defendant's motion for a continuance or postponement of the trial; and the judge overruled the motion. In the statement per curiam, annexed to the bill of exceptions, the judge declares that his reasons for overruling the motion were that the trial had been postponed once already because of the absence of the witness, Parrish, and that the sheriff told the judge that he, the sheriff, would be unable to hold one of the principal witnesses for the state if the trial should be postponed again. The judge declares also in the statement per curiam that three other witnesses testified at the trial of the case that they were in the defendant's drug store at the time of the alleged sale of whisky, and "testified to most of the facts which it was claimed could be established by the absent witness." In the statement per curiam annexed to the bill of exceptions taken to the overruling of a motion for a new trial, the judge adds that the evidence in the case was so convincing that he would have decided as he did decide if the witness, Parrish, had appeared at the trial and testified to the facts which were sworn to in the motion for a continuance or postponement of the trial.

 Considering that there is no suggestion of any reason why the judge should have doubted the veracity of the witness, Parrish, if he had testified at the trial, and considering that the judge would have been compelled to acquit the defendant if he, the judge, had heard and believed the witness, we are constrained to hold that the judge erred in refusing to grant a postponement of the trial in

order to allow the defendant the benefit of the testimony of the witness, Parrish. A judge cannot know, after he has decided a case, what effect he would have given to the testimony of an absent witness if the judge had heard the witness testify in the case. A defendant on trial, even by a judge and without a jury, has the right to have the testimony of his witnesses heard before judgment is rendered upon the sufficiency or effect of their testimony. Const. 1921, art. 1, § 9. The fact that an important witness for the state might have left the state if a postponement of the trial had been granted was not, of itself, a sufficient justification for refusing a postponement of the trial, especially as the witness could have been required to give his testimony before departing from the state, according to the provisions of articles 157–159 of the Code of Criminal Procedure. Nor does the fact that three other witnesses "testified to most of the facts" which the absent witness would have testified to, if present, affect the case. It would have made no difference, in fact, if the three other witnesses had testified to all of the facts which the absent witness would have testified to if present. Our conclusion is that the judge erred in refusing to grant a continuance or postponement of the trial.

There is another bill of exceptions in the record, which, however, appears to be not well founded.

The conviction and sentence are annulled, and the case is ordered remanded to the district court for a new trial.